## Chauveau Estate

*Samuel H. High, Jr.,* for accountant.
*Arthur M. Cooper, Assistant Attorney General,* for objector.

TAXIS, *J.,* March 4, 1976 — The second account of Industrial Valley Bank and Trust Company, trustee, was examined and audited and argument held on June 3, 1975.

The reason for the filing of the present account is to afford an opportunity to the court to rule upon the trustee's request to distribute income to Jenkintown Day Nursery to be disbursed in accordance with the provisions of the will under the supervision of the trustee.

\*       \*       \*

The Commonwealth filed two objections complaining of the payment of capital gains tax and the payment by the trustee of income tax during the years 1970 through 1973. The Commonwealth seeks to reform this trust so that all income will be distributed. The trustee opposes such reformation.

Decedent, Jeanne Chauveau, died June 8, 1953, leaving a last will and testament dated September 17, 1945. The residue of her estate was left in trust, income to be paid to two life beneficiaries, both of whom are now deceased, and in further trust

"for the benefit of worthy individuals who need financial assistance because of illness. Only one-half of the net income shall be used for this purpose and the other one-half shall be added unto the principal of the Trust and invested until such time as the net income from the investments amounts to TEN THOUSAND DOLLARS ($10,000.00) per year at which time accumulation of income shall cease and the entire income be⁴ used for said charitable purposes as more fully hereinafter set forth. If at any time the net income from the trust fund should be less than TEN THOUSAND DOLLARS ($10,000.00) per year then the Trustee shall withhold the disbursement of one-half of the net income thereafter in order that it may be reinvested until the net income again amounts to TEN THOUSAND DOLLARS ($10,000.00) when such accumulation shall cease."

The accountant trustee has been administering the trust as above provided, adding to principal one-half of the income, since the income therefrom has not attained the required yearly amount.

One of the purposes of filing the present account arises out of trustee's difficulty in finding individuals in need of financial assistance. The trustee is, therefore, requesting that income be paid to the Jenkintown Day Nursery so that it may distribute

the same to people qualified under the terms and provisions of the trust. This the Jenkintown Day Nursery has agreed to do and, of course, the duty and responsibility of seeing it is done still rests upon the shoulders of the Industrial Valley Bank and Trust Company, trustee.

A very recent case has concluded that since accumulation of income was necessary to substantially fulfill and accomplish the purposes of the trust, the Charitable Instruments Act of June 17, 1971, P.L. 181, 10 P.S. §201 et seq., did not automatically excise from the will accumulation of income and the Court directed such accumulation to continue: Trexler Trust, 24 Fiduc. Rep. 494 (1974). The court rules that Trexler Trust and its reasoning applies equally to Chauveau and the Commonwealth's objections therefore are dismissed.

The position of the Attorney General is untenable for two important reasons.

First, it is clear from the exceptions filed and the argument presented that the Attorney General has no concern for the wishes of the testatrix, and has given no consideration to the feasibility and desirability of continuing the trust. The sole position of the Attorney General is that under section 508(e) of the Internal Revenue Code, 26 U.S.C. §508(e), 83 Stat. 494, as amended, trustee could have initiated proceedings within 91 days of December 29, 1972, and there the court could have directed trustee to distribute all of the trust income. Failure of the trustee to file within 91 days of December 29, 1972, does not deprive the orphans' court at any time of determining whether or not the trust created by Jeanne Chauveau should

be reformed. The only reason advanced to cease accumulation of income is to save taxes, but until those taxes are assessed and become confiscatory, the wishes of the testatrix should be honored and upheld by the court.

Second, the trust created by Jeanne Chauveau comes within the savings provisions of the Tax Reform Act of 1969. The Tax Reform Act of 1969 contains savings provisions. Thus as to section 4942 it provides that as to organizations organized before May 27, 1969, section 4942 shall

"(E) not apply to an organization which is prohibited by its governing instrument or other instrument from distributing capital or corpus to the extent the requirements of section 4942 are inconsistent with such prohibition." Tax Reform Act of 1969, §101(b)(3)(E), 83 Stat. 487.

In the instant case the "governing instrument" is the will of Jeanne Chauveau which contains a direction to accumulate certain income until the trust principal produces an annual income of $10,000. The provisions requiring accumulation does not permit trustee to comply with section 4942 and therefore, under the savings clause of the statute, the inconsistent terms of the statute give way to the provisions of the governing instrument. See Moore Trust, 25 Fiduc. Rep. 376 (1975); Finley's Estate, 120 Pitts. L.J. 299 (1972).

The request of the trustee is granted, income is to be paid over to Jenkintown Day Nursery for distribution under the supervision of the trustee, and the account is confirmed.

And now, March 4, 1976, this adjudication is confirmed nisi.